[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Town of Monroe appeals a decision of the defendant department of liquor control granting permission to defendants Frederick J. and Margaret H. Loulis (hereinafter collectively referred to as Loulis) to move their retail liquor store from one location in the town to another. The department acted pursuant to General Statutes § 30-52. The town appeals pursuant to CT Page 54224-183. Defendant Loulis moves to dismiss, claiming the town lacks statutory or common law aggrievement.
Loulis had a permit issued by the department to operate a retail liquor store at 600 main Street in the town. In September 1994, Loulis applied to the department for permission to move the store to 630 Main Street. The town zoning enforcement officer refused to certify that the town zoning ordinance permitted the operation of a liquor store at the proposed new location, and in October 1994, the town notified the department that the ordinance does not allow such a business there. Nevertheless, in January 1995, the department granted Loulis permission to move to the new location.
Loulis asserts that the town lacks standing to appeal because it does not fall within one of the categories specified in General Statutes § 30-60 as having such standing. That is true, but it does not afford the correct basis for dismissing this appeal. Section 30-60 establishes the right of an applicant to appeal the denial of an application for a permit; it establishes the right of an existing permittee to appeal the revocation or suspension of the permit; and it establishes the right of any ten residents of the town who have remonstrated and who are aggrieved by the granting of a permit. It does not establish the right of anyone to appeal an order of the department granting permission to a permittee to remove to a different location under modification of the existing permit.
The procedure for modifying a permit to allow the sale of liquor at a new location is governed by the provisions of General Statutes § 30-52. That statute specifically provides that the permittee may appeal an order refusing permission to move to a different location. It does not provide a right of appeal to anyone else.
Since § 30-52 does not specify that the town has the right to appeal the department's order in this case, the town must find such right, if it can, in the Uniform Administrative Procedure Act, in particular General Statutes § 4-183. In its brief to the court in opposition to the defendants' motion to dismiss, the town asserts CT Page 5423 that it brings its appeal pursuant to that statute. It may not prevail.
Pursuant to § 4-183 (a), a person may appeal only a final decision, which is defined as "the agency determination in a contested case." General Statutes § 4-166
(3). A contested case is defined as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing or in which a hearing is in fact held. . . ." General Statutes § 4-166 (2). No statutory right to appeal exists "unless the (agency) was statutorily required to determine the plaintiff's legal right or privilege . . . in a hearing. . . ." Summit HydropowerPartnership v. Commissioner of Environmental Protection226 Conn. 792, 802 (1993).
In the present case, neither General Statutes § 30-52
nor any other statute required that the department hold a hearing on Loulis' application for permission to move to the new location on Main Street. Accordingly, the department's order granting such permission was not a "final decision" appealable under § 4-183. For that reason, the court lacks subject matter jurisdiction.
The defendants' motion to dismiss is granted.
MALONEY, J.